FREDERICK REICHERT, Respondent, v. CHARLOTTE M. STIL-
    WELL, as Administratrix of CHARLES A. STILWELL, Deceased,
    et al., Appellants.

MORTGAGE — ACTION TO FORECLOSE, AFTER FORECLOSURE OF ANOTHER
MORTGAGE ON OTHER PROPERTY GIVEN IN PART AS COLLATERAL
SECURITY FOR DEBT SECURED BY FIRST MORTGAGE, NOT PROHIBITED BY
CODE CIV. PRO. §§ 1628, 1630.     An action to foreclose two mortgages
upon the same property, made by the same mortgagor and held by the
same assignee, is not prohibited by sections 1628 and 1630 of the Code of
Civil Procedure, notwithstanding that another mortgage given by the
same mortgagor upon another property to the same mortgagee to secure
the payment of another debt and also as a further and additional security
for the debts represented by the first two mortgages, had been foreclosed
by such mortgagee and the proceeds of the sale, after paying the expenses
of foreclosing the last mortgage, and the amount for which it was given,
had been applied upon the payment of the debts secured by the first two
mortgages but leaving a deficiency for which no judgment was ever
entered or docketed, or execution issued to collect the amount thereof,
and that after such sale the mortgagee assigned the first two mortgages
without in terms transferring any right to the deficiency, which, how-
ever, passed by operation of law to an assignee who thereafter, and
without obtaining leave of the court, began the action to foreclose the
first two mortgages; since the deficiency judgment, if one had been
entered and docketed, would not have been a "final judgment for the
plaintiff * * * in an action to recover any part of the mortgage
debt" secured by the first two mortgages and no action has been brought
to recover any part of such mortgage debt, within the meaning of the
statute, for the reason that the suit to foreclose the mortgagor's equity of
redemption in the property covered by the last mortgage was not such an
action.

    *Reichert* v. *Stilwell*, 57 App. Div. 480, affirmed.

    (Argued May 13, 1902; decided October 7, 1902.)

    APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
January 18, 1901, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

    This action was brought to foreclose two mortgages upon
the same parcel of land, and the defense was founded upon
sections 1628 and 1630 of the Code of Civil Procedure.

    The facts, so far as material, are stated in the opinion.

*Louis L. Waters* and *D. F. McLennan* for appellants. The Appellate Division has placed an interpretation upon sections 1628 and 1630 of the Code of Civil Procedure which limits and restricts the plain meaning of the language of the sections and which is not authorized by previous judicial interpretation of similar statutes. (*Suydam* v. *Bartle*, 9 Paige, 295 ; *E. L. Ins. Society* v. *Stevens*, 63 N. Y. 344 ; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330 ; *Jones* v. *Conde*, 6 Johns. Ch. 77 ; *McKernan* v. *Robinson*, 84 N. Y. 105 ; *Engle* v. *Underhill*, 3 Edw. Ch. 249 ; *Grosvenor* v. *Day*, 1 Clark Ch. 71 ; *McKuskie* v. *Henderson*, 128 N. Y. 558.) Plaintiff has admitted the error of his proceedings herein by moving for leave to prosecute this action, and for an order staying all proceedings until a deficiency judgment was filed, entered and docketed under the former judgment and the issuing and return of execution thereon wholly or partly unsatisfied. Such application has been in all things denied, which denial is *res judicata* as against plaintiff's contentions in this case. (*Culross* v. *Gibbons*, 130 N. Y 447 ; *People ex rel.* v. *Council*, 140 N. Y. 306 ; *U. S. L. I. Co.* v. *Poilon*, 27 N. Y. S. R. 899.) The judgment of foreclosure in the former action set forth in the complaint and answer is a final judgment within the terms and meaning of sections 1628 and 1630 of the Code of Civil Procedure. (*Moore* v. *Shaw*, 15 Hun, 428 ; *Day* v. *Bergen*, 53 N. Y. 404 ; *Morris* v. *Morange*, 38 N. Y. 172 ; *Springsteene* v. *Gillett*, 30 Hun, 260.) The judgment of foreclosure in the former action included or contained a judgment for deficiency. The basis of the major part of said judgment was the same debt secured by the mortgages here sought to be foreclosed. (*Frank* v. *Davis*, 135 N. Y. 277 ; Code Civ. Pro. §§ 1627, 3339 ; *Hunt* v. *Chapman*, 51 N. Y. 557 ; *Dudley* v. *Congregation*, 138 N. Y. 451.) There was in existence, at the time when this action was brought, a final judgment for the plaintiff, rendered in an action to recover the mortgage debt secured by the mortgages here sought to be foreclosed. (Code Civ. Pro. § 1630 ; *Guilford*

v. *Crandall*, 69 Hun, 414; *Barbig* v. *Kirk*, 70 N. Y.
S. R. 470.) No leave of the court in which the former
action was brought to commence or maintain this action
has been obtained. (Code Civ. Pro. § 1628; *Schofield*
v. *Doscher*, 72 N. Y. 491; *McKennon* v. *Robinson*, 84
N. Y. 105; *Earl* v. *David*, 20 Hun, 527; 86 N. Y. 634;
*Balles* v. *Duff*, 10 Abb. [N. S.] 414.) Sections 1628 and
1630 of the Code of Civil Procedure do not prohibit a fore-
closure of any kind, but merely prescribe rules of procedure
and require certain things to be done before foreclosures for
the same mortgage debt are commenced or maintained. The
fact that both mortgages were given for the same debt and
the former judgment based on the same indebtedness is the
controlling feature, the purpose of the statute being to pre-
vent a double action for the same debt except under the
direction of the court, and to prevent a double judgment and
double costs for the same debt when one judgment might
have been satisfied under execution. (*E. L. I. Soc.* v.
*Stevens*, 63 N. Y. 345; *Suydam* v. *Bartle*, 9 Paige Ch. 295.)
The Special Term and Appellate Division erred in holding
that a personal judgment for the mortgage debt was purely
incidental to the purposes of the foreclosure. (*Merritt* v.
*Bartholick*, 36 N. Y. 44.) It is equitable that two judgments
shall not be rendered against appellant for what is really the
same deficiency. (*Springsteene* v. *Gillett*, 30 Hun, 260; *Day*
v. *Bergen*, 53 N. Y. 404; *Morris* v. *Morange*, 38 N. Y. 172.)
No action based upon the bonds set forth in the complaint in
this action can be maintained, for the reason that such bonds
and the indebtedness which they represent are merged in the
deficiency judgment taken under the foreclosure of the $3,720
mortgage. (*Butler* v. *Miller*, 1 N. Y. 500.)

*Augustus C. Stevens, Charles G. Baldwin* and *Charles E.
Stevens* for respondent. The action brought by Helen B.
Sanford for the foreclosure of the mortgage covering the sale
of lots was not "an action to recover any part of the mort-
gage debt" in this action, within the meaning of section 1630

of the Code of Civil Procedure. (*Dudley* v. *Congregation, etc.*, 138 N. Y. 451.) The provision in the judgment of foreclosure and sale in the salt lot mortgage action, that the defendant pay any deficiency, was not a final judgment for the plaintiff within the meaning of section 1630 of the Code. (*Nutt* v. *Cuming*, 155 N. Y. 309.) The mortgage debt secured by the salt lot mortgage was fully paid in the foreclosure of such mortgage. (*Howe* v. *Fisher*, 2 Barb. Ch. 559; *Gaylord* v. *Kapp*, 15 Hun, 87; *Spencer* v. *Spencer*, 95 N. Y. 353; *Mack* v. *Austin*, 95 N. Y. 513; *Bache* v. *Dascher*, 9 J. & S. 150; *Argall* v. *Pitts*, 78 N. Y. 239; *Freeman* v. *Auld*, 44 N. Y. 50; *Bolen* v. *Crosby*, 49 N. Y. 183; Cobbey on Chattel Mortgages, 650, 651; *Landon* v. *Buell*, 9 Wend. 80.) Section 1628 of the Code of Civil Procedure does not require the consent of the court to commence an action to foreclose a mortgage. (*Williams* v. *Chaplain*, 8 Paige Ch. 70; *Thomas* v. *Brown*, 9 Paige Ch. 370; *E. L. Ins. Soc.* v. *Stevens*, 63 N. Y. 347.) The defendant Stilwell has contracted three separate and distinct debts and not one as assumed by his counsel. (*Miller* v. *Lockwood*, 32 N. Y. 292.) The denial of the motion made by plaintiff for an order staying proceedings in this action until a deficiency judgment was filed, entered and docketed in the former action, and an execution issued and returned unsatisfied, does not estop this plaintiff from asserting that such a motion was unnecessary. (*Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341; *Bell* v. *Merrifield*, 109 N. Y. 202; *Zoeller* v. *Riley*, 100 N. Y. 102; *Dickinson* v. *Price*, 64 Hun, 149.)

VANN, J. The defendants' intestate, Charles A. Stilwell, gave two mortgages upon his farm in the town of DeWitt, county of Onondaga, one in 1881 for $2,000 and the other in 1886 for $1,000, to secure the payment of money borrowed at the dates and to the amounts stated. A bond in the usual form accompanied each mortgage and represented the debt secured. In 1897 he gave a mortgage upon certain salt lots owned by him in the city of Syracuse for $3,720, of which the

sum of $720 represented a new and independent consideration and the remainder represented the debt secured by the two mortgages upon his farm. The mortgage on the salt lots contained the condition that said sum of $720 and interest should be paid and also that it was given " as a further and additional security for the payment" of the debts represented by the two mortgages upon the farm. In 1899 the mortgage on the salt lots was foreclosed and the proceeds, above expenses, were applied in payment of said sum of $720, and the remainder upon the two farm mortgages. A deficiency was reported by the sheriff making the sale, but no judgment was ever entered or docketed therefor, nor was any execution issued to collect the amount thereof. Subsequently the holder of all the mortgages, including said deficiency arising in the action to foreclose, transferred the mortgages on the farm to the plaintiff without, in terms, transferring any right to the deficiency, which, however, passed by operation of law. A few days later the plaintiff began this action to foreclose the mortgages on the farm without obtaining leave of the court, and the defendants' intestate answered, asking that the complaint be dismissed because no leave had been obtained under section 1628, or execution issued pursuant to section 1630 of the Code of Civil Procedure. The defense was not sustained and judgment of foreclosure in the usual form was rendered at Special Term and affirmed on appeal by the Appellate Division, one of the justices dissenting.

Section 1628 provides that " While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

Section 1630 provides that " Where a final judgment for the plaintiff has been rendered, in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage," unless an execution

has been issued upon the judgment and returned wholly or partly unsatisfied.

As we read these sections, the command of the earlier is not to sue the bond, or the promise representing the mortgage debt, while an action to foreclose the mortgage is pending, without leave of the court; and of the later, not to commence an action to foreclose, after judgment rendered in an action at law on the bond or promise, without the return of an execution unsatisfied. The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt. This is the policy of the law in statutory foreclosures and was the policy of the Revised Statutes relating to foreclosures by action, prior to the enactment of the Code. (2 R. S. 191, § 156; id. 544, § 1.) In other words, only one action is permitted at the same time, except as the statute provides, for it forbids a suit in equity to foreclose the mortgage until the remedy at law on the bond, if resorted to, has been exhausted, and an action at law on the bond, while a suit in equity to foreclose the mortgage is pending, without leave of the court. (Throop's Code, notes to §§ 1628 and 1630.) As was well said in the opinion of the Special Term: "It was never intended to prohibit a separate foreclosure in equity of two separate mortgages, upon separate pieces of property, although each may have been given to secure the payment of the same indebtedness." It may be added that as the actions to foreclose both mortgages must be before the same court, with all the power of a court of equity, the rights of the parties can be fully protected by imposing any condition as to costs or otherwise that justice may require.

An action to foreclose a mortgage is not an action to recover the mortgage debt from the mortgagor personally, but to collect it out of the land by enforcing the lien of the mortgage. There is only one cause of action alleged, even if the bond is set forth in the complaint and judgment for deficiency is demanded as a part of the relief. No motion to separate could be successfully made under section 483 of the Code, upon the

ground that a cause of action at law on the bond had been united with a cause of action in equity on the mortgage. An action to enforce a mortgage is not an action *in personam* to recover a debt from an individual, but is in the nature of a proceeding *in rem* to appropriate the land by foreclosing the lien of the mortgage and applying the proceeds to discharge the debt. The Revised Statutes authorize the court in an action of foreclosure to render judgment against the person liable for the mortgage debt for any deficiency that may remain after selling the land and applying the proceeds. (2 R. S. 191, § 154.) That, however, is not a distinct and independent cause of action, but is an incidental remedy, dependent wholly upon the statute and subsidiary to the main object of the action. Before the passage of the Revised Statutes the court had no power to include a provision for deficiency in a decree of foreclosure. (*Dunkley* v. *Van Buren*, 3 Johns. Ch. 330 ; *Jones* v. *Conde*, 6 id. 77.)

The nature of an action to foreclose a mortgage was considered by us in *Dudley* v. *Congregation of St. Francis* (138 N. Y. 451). In that case the mortgage was void, but the debt that it was given to secure was valid, and hence the plaintiff insisted that he should recover upon the bond, which was covered by the allegations of the complaint in the usual form. " In an action to foreclose a mortgage," as we said when discussing the subject in that case, " a judgment for deficiency is authorized and may be rendered as incidental to the principal relief demanded, but it cannot be rendered in an action where the plaintiff fails to establish the mortgage. The peculiar statutory provisions applicable to actions of foreclosure above referred to indicate that it was never intended to permit the joinder in the same complaint of two separate causes of action, one at law to recover a personal judgment on the bond for the debt, and the other in equity to procure a sale of the land covered by the mortgage, given to secure the same debt and the application of the proceeds thereon, and if not, then the complaint in this case does not contain but a

single cause of action, and that in equity, for the foreclosure of the mortgage lien.   It is true that the giving of the bond is stated, but that is incidental to the main facts alleged and only necessary, if at all, for the purpose of showing the consideration of the mortgage and the amount of the deficiency, if any.   When the plaintiff failed to establish the mortgage he failed to establish his cause of action in its whole scope and meaning, and he could not stand upon the incidental allegations in regard to the bond."

.Hence the deficiency judgment, if one had been entered and docketed, would not have been a "final judgment for the plaintiff   *   *   *   in an action to recover any part of the mortgage debt."   No action has been brought to recover any part of the mortgage debt, within the meaning of the statute, for the suit to foreclose the mortgagor's equity of redemption in the two salt lots was not such an action.

The opinions below make further discussion unnecessary, and we affirm the judgment appealed from, with costs.

GRAY, O'BRIEN, BARTLETT, and MARTIN, JJ., concur; PARKER, Ch. J., and HAIGHT, J., not voting.

Judgment affirmed.