■ SECURITY NATIONAL SERVICING CORP., Respondent, v PETER M. LIEBOWITZ, Appellant, et al., Defendants. [722 NYS2d 69] —In an action to foreclose a mortgage, the defendant Peter Liebowitz appeals from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), dated January 5, 2000, which, *inter alia*, granted the plaintiff's motion for summary judgment on the complaint, and (2) an order of the same court, also dated January 5, 2000, which, *inter alia*, referred the matter to a referee for a hearing on the issue of damages.

Ordered that the appeal from the order of reference is dismissed; and it is further,

Ordered that the order dated January 5, 2000, which, *inter alia*, granted the motion for summary judgment, is reversed, on the law, the motion is denied, upon searching the record, summary judgment is granted in favor of the defendants, and the complaint is dismissed without prejudice; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the order dated January 5, 2000, referring the matter to a reference is dismissed, as the order is not appealable as of right (*see, Matter of Mitchell v A.J. Med. Supply,* 141 AD2d 732), and we decline to grant leave to appeal.

This action arises out of a mortgage agreement executed in

1986 between Dime Savings Bank of New York, F.S.B (hereinafter Dime) as mortgagee and the appellant as mortgagor. In 1997, Dime assigned the mortgage to the plaintiff. The plaintiff then commenced this action to foreclose the mortgage and moved for summary judgment on the complaint. The appellant opposed the motion on the ground that there was a pending foreclosure action on the same mortgage commenced by Dime in 1992.

The Supreme Court erred in granting the plaintiff's motion for summary judgment. RPAPL 1301 (3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought. Accordingly, since the plaintiff did not obtain court approval prior to commencing this action, the complaint must be dismissed (*see, Central Trust Co. v Dann,* 85 NY2d 767; *Reichert v Stilwell,* 172 NY 83; *White v Wielandt,* 259 App Div 676). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.