■ AURORA LOAN SERVICES, LLC, Respondent, v SHAMEEKA SPEARMAN, Also Known as SHAMEEKA S. SPEARMAN, et al., Defendants, and RUBY HUNTE, Also Known as RUBY M. HUNTE, Appellant. [890 NYS2d 124]—

This consolidated action arises out of a mortgage agreement executed in 1999 between HomeSide Lending, Inc. (hereinafter HomeSide), the predecessor in interest of the plaintiff, as mortgagee, and the defendant Shameeka Spearman, also known as Shameeka S. Spearman, as mortgagor. Following HomeSide's assignment of the mortgage to the plaintiff in 2003, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2003 action). The appellant, the current occupant of the subject premises, moved to dismiss the complaint on the ground that there was a pending foreclosure action on the same mortgage commenced by HomeSide in 2000. The plaintiff cross-moved for summary judgment on the complaint and for the appointment of a referee. In the order appealed from, the Supreme Court, inter alia, denied both the motion and cross motion, and we reverse the order insofar as appealed from.

The Supreme Court erred in denying the appellant's motion to dismiss the complaint in the 2003 action. "RPAPL 1301 (3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of

the mortgage debt without leave of the court in which the former action was brought" (*Security Natl. Servicing Corp. v Liebowitz,* 281 AD2d 615, 616 [2001]; *see Anron Air Sys. v Columbia Sussex Corp.,* 202 AD2d 460, 461 [1994]). Since the plaintiff did not obtain leave of the court prior to commencing the 2003 action, the complaint in the 2003 action should have been dismissed (*see Central Trust Co. v Dann,* 85 NY2d 767, 772 [1995]; *Reichert v Stilwell,* 172 NY 83, 88 [1902]).

In light of our determination, we need not reach the appellant's remaining contention. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.