■ WELLS FARGO BANK, N.A., Appellant, v JOSE IRIZARRY, Respondent, et al., Defendants. [36 NYS3d 689]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 26, 2015, as granted that branch of the motion of the defendant Jose Irizarry which was pursuant to RPAPL 1301 (3) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the motion of the defendant Jose Irizarry which was pursuant to RPAPL 1301 (3) to dismiss the complaint insofar as asserted against him is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of that branch of the defendant's motion which was denied as academic.

On May 1, 2008, the plaintiff commenced an action to foreclose the subject mortgage (hereinafter the 2008 action). The defendants in that action, including the defendant Jose Irizarry (hereinafter the defendant), did not answer or appear, and a judgment of foreclosure and sale was entered against them in 2009. In October 2013, the plaintiff moved, inter alia, to discontinue the 2008 action. Before its motion to discontinue was decided, on December 19, 2013, the plaintiff commenced this second action to foreclose the same mortgage (hereinafter

the 2013 action). The complaint in the 2013 action acknowledged the existence of the 2008 action and alleged that the plaintiff "will undertake to discontinue said action." In an order dated January 23, 2014, the Supreme Court granted the plaintiff's motion to discontinue the 2008 action and vacated the judgment of foreclosure and sale that had been entered in that action (*see* CPLR 3217 [b]).

On or about February 18, 2014, the defendant moved, inter alia, to dismiss the complaint in the 2013 action insofar as asserted against him. In the order appealed from, entered February 26, 2015, the Supreme Court granted that branch of the defendant's motion which was pursuant to RPAPL 1301 (3) to dismiss the complaint in the 2013 action insofar as asserted against him. We reverse insofar as appealed from.

" 'RPAPL 1301 (3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought' " (*Aurora Loan Servs., LLC v Spearman*, 68 AD3d 796, 796-797 [2009], quoting *Security Natl. Servicing Corp. v Liebowitz*, 281 AD2d 615, 616 [2001]). "The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt" (*Aurora Loan Servs., LLC v Lopa*, 88 AD3d 929, 930 [2011]; *see Central Trust Co. v Dann*, 85 NY2d 767, 772 [1995]; *Hometown Bank of Hudson Val. v Colucci*, 127 AD3d 702, 703 [2015]). Here, the plaintiff violated RPAPL 1301 (3) by, without leave of the Supreme Court, commencing the 2013 action prior to the court granting its motion to discontinue the 2008 action. However, by the time the defendant moved to dismiss the complaint in the 2013 action based upon the plaintiff's violation of RPAPL 1301 (3), the court had already granted the plaintiff's motion to discontinue the 2008 action. Under the unique circumstances of this case, where the defendant was not prejudiced by the plaintiff's failure to comply with RPAPL 1301 (3) since he was not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, granting dismissal of the complaint in the 2013 action after the 2008 action had already been discontinued afforded the defendant more relief than is contemplated by RPAPL 1301 (3). The plaintiff's failure to comply with RPAPL 1301 (3) should have been disregarded as a mere irregularity which did not prejudice a substantial right of any party (*see* CPLR 2001), and that branch of the defendant's motion which was pursuant to RPAPL 1301 (3) to dismiss the complaint insofar as asserted against him should have been denied.

Accordingly, we reverse the order entered February 26, 2015, insofar as appealed from and remit the matter to the Supreme Court, Nassau County, for a determination on the merits of that branch of the defendant's motion which was denied as academic. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.