PNC Bank, NA v Islam (2019 NY Slip Op 07303)





PNC Bank, NA v Islam


2019 NY Slip Op 07303


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-12761
 (Index No. 702210/14)

[*1]PNC Bank, NA, etc., appellant,
v
Shahana Islam, respondent, et al., defendants.


LeClairRyan, New York, NY (Mikelle V. Bliss of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated November 3, 2016. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Shahana Islam, to strike the amended answer of that defendant, and to direct the appointment of a referee, on the ground that the motion was untimely.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Shahana Islam, to strike the amended answer of that defendant, and to direct the appointment of a referee is granted.
On or about April 7, 2011, the plaintiff commenced an action, inter alia, to foreclose a mortgage on property owned by the defendant Shahana Islam (hereinafter the defendant). In October 2013, the plaintiff moved to discontinue that action.
In April 2014, the plaintiff commenced the instant action, inter alia, to foreclose the mortgage. A note of issue was filed on August 10, 2015. In September 2015, the plaintiff moved, inter alia, to strike the defendant's answer and for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved for leave to amend her answer to assert a twelfth affirmative defense, alleging that the plaintiff violated RPAPL 1301(3) by commencing the instant action while the prior action was still pending. In an order entered March 2, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.
On March 22, 2016, the plaintiff moved to strike the defendant's amended answer, for summary judgment on the complaint insofar as asserted against the defendant, and to direct the appointment of a referee. In the order appealed from, dated November 3, 2016, the Supreme Court denied the plaintiff's motion on the ground that the time to move for summary judgment had expired on or about December 8, 2015, which was 120 days after the filing of the note of issue on August 10, 2015 (see CPLR 3212[a]).
Initially, since the defendant's cross motion to amend the answer was not granted until March 2, 2016, there was good cause for the plaintiff's delay in moving for summary judgment on the complaint and on the matters alleged in the amended answer, including the twelfth affirmative defense (see Brill v City of New York, 2 NY3d 648, 652).
On the merits, the plaintiff established its prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendant by submitting the note endorsed in blank, the mortgage, and evidence of the defendant's default (see Zarabi v Movahedian, 136 AD3d 895, 895-896). In opposition, the defendant failed to raise a triable issue of fact.
With respect to the defendant's twelfth affirmative defense, "RPAPL 1301(3) provides that [w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.' The purpose of this statute is to protect the mortgagor from the expense and annoyance' of simultaneously defending against two independent actions to recover the same mortgage debt" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 804-805, quoting Central Trust Co. v Dann, 85 NY2d 767, 772). Here, the plaintiff moved to discontinue the prior action months before commencing the instant action. Thus, the defendant did not have to defend against more than one lawsuit, and any failure by the plaintiff to strictly comply with RPAPL 1301(3) should have been disregarded as a mere irregularity which did not prejudice a substantial right of any party (see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's amended answer, and to direct the appointment of a referee.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court