U.S. Bank N.A. v Beymer (2020 NY Slip Op 02871)





U.S. Bank N.A. v Beymer


2020 NY Slip Op 02871


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11507 850260/18

[*1] U.S. Bank National Association, etc., Plaintiff-Respondent,
v
John M. Beymer also known as John Beymer, et al., Defendants-Appellants, Board of Managers of 50 Pine Street Condominium, et al., Defendants.


Sanders Gutman & Brodie, P.C., Hartsdale (Jordan Brodie of counsel), for appellants.
Parker Ibrahim & Berg LLP, New York (Brian A. Turetsky of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 22, 2019, which denied defendants' motion to dismiss the complaint in this foreclosure action, unanimously affirmed, without costs.
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of this statute is to protect the mortgagor "from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [1995][emphasis omitted]). Since the 2013 foreclosure action was dismissed against defendants Beymer and Bruno, and there was no judgment in favor of plaintiff, RPAPL 1301(3), a statute "which must be strictly construed" was not applicable to this action (Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 702 [2d Dept 2015]).
Even if the 2013 foreclosure action was not formally discontinued when it was disposed of in 2013, defendants are not facing "the expense and annoyance of two independent actions at the same time with reference to the same debt," and thus, any failure on the part of plaintiff to comply with RPAPL 1301(3) could also be "properly disregarded as a mere irregularity" (Bosco Credit V Trust Series 2012-1 v Johnson, 177 AD3d 561, 562 [1st Dept 2019]). Under the circumstances of this case, where defendants were not prejudiced by any failure to comply with RPAPL 1301(3), since they were not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, granting dismissal of the complaint in the 2018 action would "afford[] the defendants more relief than is contemplated by RPAPL 1301(3)" (Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611 [2d Dept 2016]).
Supreme Court did not improvidently exercise its discretion in denying the motion to dismiss pursuant to CPLR 3211(a)(4) on the ground that there is another action pending (Aurora Loan Servs., LLC v Reid, 132 AD3d 788, 788—789 [2d Dept 2015]; see also Whitney v Whitney, 57 NY2d 731, 732 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK