U.S. Bank N.A. v Karnaby (2021 NY Slip Op 00451)





U.S. Bank N.A. v Karnaby


2021 NY Slip Op 00451


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08990 
2018-03783
 (Index No. 513122/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Edward A. Karnaby, et al., appellants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 17, 2017, and (2) an order of the same court dated January 25, 2018. The order dated March 17, 2017, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint. The order dated January 25, 2018, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated March 17, 2017, denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint, and thereupon granted leave to the plaintiff, nunc pro tunc, to commence the instant action pursuant to RPAPL 1301(3).
ORDERED that the appeal from the order dated March 17, 2017, is dismissed, as the portions of the order appealed from were superseded by the order dated January 25, 2018, made upon reargument; and it is further,
ORDERED that the order dated January 25, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Pursuant to CPLR 3211(a)(4), a party may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." However, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211[a][4]). Under the circumstances of this case, in which a prior foreclosure action commenced in 2010 (hereinafter the 2010 foreclosure action) was discontinued before the determination of the defendants' motion, inter alia, to dismiss the complaint in the instant action, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was to dismiss the complaint on this ground. Accordingly, the court, in effect, upon reargument, properly adhered to its prior determination in an order dated March 17, 2017, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint.
"'RPAPL 1301(3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought'" (Aurora Loan Servs., LLC v Spearman, 68 AD3d 796, 796-797, quoting Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615, 616). "The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt" (Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930).
Here, since the 2010 foreclosure action had not been discontinued at the time that the instant action was commenced, the plaintiff should have sought leave of the court in which the 2010 foreclosure action was filed (see RPAPL 1301[3]). However, the 2010 foreclosure action was discontinued before the defendants' motion, inter alia, to dismiss the complaint was decided, and there is no indication in the record that the defendants were prejudiced by the plaintiff's failure to comply with RPAPL 1301(3). Under the instant circumstances, we agree with the Supreme Court's determination, in effect, upon reargument, to adhere to its prior determination in the order dated March 17, 2017, denying that branch of the defendants' motion which was pursuant to RPAPL 1301(3) to dismiss the complaint, and to thereupon retroactively grant the plaintiff leave to commence the instant action, nunc pro tunc, as the defendants were not thereby placed in the position of having to defend against more than one lawsuit (see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, Federal Deposit Ins. Corp. v 1873 W. Ave. Corp., 225 AD2d 893, 895).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court