Bayview Loan Servicing, LLC v Starr-Klein (2021 NY Slip Op 02269)





Bayview Loan Servicing, LLC v Starr-Klein


2021 NY Slip Op 02269


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-07556
 (Index No. 611893/16)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Cathy E. Starr-Klein, etc., appellant, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Yimell M. Suarez Abreu of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cathy E. Starr-Klein appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 4, 2018. The order denied that defendant's motion, inter alia, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Cathy E. Starr-Klein, inter alia, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her and to cancel a notice of pendency filed against the subject property is granted.
On May 21, 2008, Cathy E. Starr-Klein (hereinafter the defendant) executed a note in favor of Washington Mutual Bank in the sum of $360,000, which was secured by a mortgage against certain real property owned by her. On July 26, 2010, the defendant executed a separate note in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), in the sum of $6,435.85, which was secured by a mortgage against her property. Also on July 26, 2010, the defendant executed a Consolidation, Extension, and Modification Agreement, consolidating the notes and mortgages, and a consolidated note in favor of JPMorgan in the sum of $356,700.
In May 2014, JPMorgan commenced an action to foreclose the consolidated mortgage (hereinafter the prior action). In August 2014, JPMorgan assigned the consolidated mortgage to Bayview Loan Servicing, LLC (hereinafter the plaintiff). In August 2016, the plaintiff commenced this action to foreclose the subject mortgage. In September 2016, the defendant moved, inter alia, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her and to cancel a notice of pendency filed against the subject property, asserting that the prior action was still pending to foreclose upon the same mortgage. In an order dated June 4, 2018, the Supreme Court denied the defendant's motion. The defendant appeals.
Contrary to the plaintiff's contention, the Supreme Court should have granted that branch of the defendant's motion which was, inter alia, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her. RPAPL 1301(3) provides that "[w]hile [an] action is [*2]pending . . . , no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651 [internal quotation marks omitted]). Here, since the plaintiff commenced the instant action without leave of the court in which the prior action was brought, and there is no basis in the record to determine that JPMorgan discontinued or effectively abandoned the prior action, dismissal is warranted under RPAPL 1301(3) (see Aurora Loan Servs., LLC v Reid, 132 AD3d 788, 789; Aurora Loan Servs., LLC v Spearman, 68 AD3d 796; Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615).
Since the defendant is entitled to dismissal of the complaint insofar as asserted against her, the Supreme Court should also have granted that branch of the defendant's motion which was to cancel the notice of pendency filed against the subject property (see CPLR 6514[a]; Citibank, N.A. v Herman, 125 AD3d 587, 589).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court