Bank of Am., N.A. v Nicolosi (2021 NY Slip Op 07535)





Bank of Am., N.A. v Nicolosi


2021 NY Slip Op 07535


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-06151
2019-12261
 (Index No. 12572/13)

[*1]Bank of America, N.A., respondent, Antonina 
v
Nicolosi, et al., defendants, Joan Franzese, appellant.


Richard J. Sullivan, Port Jefferson, NY, for appellant.
Roach & Lin, Syosset, NY (Michael C. Manniello of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Joan Franzese appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 28, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered August 27, 2019. The order, insofar as appealed from, (a) denied the motion of the defendant Joan Franzese pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute, (b) granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Joan Franzese, to strike that defendant's answer and affirmative defenses, and for an order of reference, and (c) denied that defendant's cross motion pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her. The order and judgment of foreclosure and sale, upon the order, among other things, directed the sale of the subject property.
By order to show cause dated February 19, 2021, the parties to the appeal were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order entered April 28, 2017, on the ground that the right of direct appeal therefrom terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated April 19, 2021, the motion to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.



DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order entered April 28, 2017, is granted; and it is further,
ORDERED that the appeal from the order entered April 28, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is [*2]further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered April 28, 2017, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In July 2007, as security for a promissory note in the principal amount of $415,000, the defendants Antonina Nicolosi and Sebastian Nicolosi (hereinafter together the borrowers) executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., encumbering real property located in West Hempstead (hereinafter the subject property). In October 2007, the borrowers transferred their interest in the subject property to the defendant Joan Franzese. On October 16, 2013, the plaintiff, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., commenced this action to foreclose the mortgage. Franzese interposed an answer and asserted various affirmative defenses, including that the plaintiff lacked standing and that another action to foreclose the subject mortgage was pending at the time of commencement of the instant action.
On August 29, 2016, Franzese served the plaintiff pursuant to CPLR 3216 with a demand to resume prosecution. By notice of motion dated December 21, 2016, Franzese moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute, alleging that the plaintiff had failed to file a note of issue within 90 days of her service of the demand to resume prosecution. In January 2017, the plaintiff opposed the motion and moved, inter alia, for summary judgment on the complaint insofar as asserted against Franzese, to dismiss her answer and affirmative defenses, and for an order of reference. Franzese cross-moved pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her, and opposed the plaintiff's motion for summary judgment on the ground that the plaintiff lacked standing to commence the action.
By order entered April 28, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and denied Franzese's motion and cross-motion to dismiss the complaint insofar as asserted against her. On August 27, 2019, an order and judgment of foreclosure and sale was entered. Franzese appeals.
CPLR 3216 permits a court to dismiss a complaint for want of prosecution after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action (see CPLR 3216[a], [b][3]; JPMorgan Chase Bank, N.A. v Eze, 188 AD3d 1173, 1173). In the event that the party upon whom the demand is served fails to serve and file a note of issue within 90 days, "the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]). "CPLR 3216 is 'extremely forgiving'" (Altman v Donnenfeld, 119 AD3d 828, 828, quoting Baczkowski v Collins Constr. Co., 89 NY2d 499, 503) "in that it 'never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'" (Altman v Donnenfeld, 119 AD3d at 828, quoting Davis v Goodsell, 6 AD3d 382, 383; see Western Union N. Am. v Chang, 176 AD3d 1138, 1139).
Here, the record establishes that in response to Franzese's demand to resume prosecution, the plaintiff attempted to file a note of issue, which was rejected by the Clerk of the Supreme Court on December 10, 2016, as there had been no court order directing the filing of a note of issue. In opposition to Franzese's motion to dismiss, the plaintiff established that the delay in filing the note of issue was caused by, among other reasons, a change of the loan servicer and an [*3]attempt to negotiate a loan modification with the borrowers. Under these circumstances, where there is no evidence that Franzese was prejudiced by any delay caused by the plaintiff, or that the plaintiff engaged in a pattern of persistent neglect and delay in prosecuting the action, or that the plaintiff intended to abandon the action, the Supreme Court providently exercised its discretion in excusing the plaintiff's failure to meet Franzese's deadline for filing the note of issue (see Western Union N. Am. v Chang, 176 AD3d at 1139; Schimoler v Newman, 175 AD3d 740, 742-743).
"RPAPL 1301(3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought" (Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615, 616; see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611; Aurora Loan Servs., LLC v Spearman, 68 AD3d 796, 797). "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Reichert v Stilwell, 172 NY 83, 88; see Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651). Here, the record establishes that BAC Home Loans Servicing commenced an action in 2009 to foreclose the subject mortgage, which action was voluntarily discontinued on September 10, 2014, after the commencement of the instant action. Although the plaintiff did not seek leave of the court before commencing the instant action, under the circumstances of this case, dismissal of the action pursuant to RPAPL 1301(3) was not warranted (see 21st Mtge. Corp. v Ahmed, 173 AD3d 951, 952; Wells Fargo Bank, N.A. v Irizarry, 142 AD3d at 611). Notably, Franzese did not move pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against her until more than two years after the prior action had been discontinued, and she did not establish any prejudice suffered as a result of the simultaneous pendency of the two actions.
A plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313). Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff, in order to prove its standing, must demonstrate that when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). Here, the plaintiff demonstrated, prima facie, its standing to commence this action by submitting, inter alia, the affidavit of one of its employees, an Assistant Vice President, which established, prima facie, that the plaintiff had possession of the note, endorsed in blank, at the time of commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359-361; Nationstar Mtge., LLC v Medley, 168 AD3d 959, 960). In opposition, Franzese failed to raise a triable issue of fact. Contrary to Franzese's contention, the plaintiff's alleged failure to satisfy the pleading requirements set forth in RPAPL 1302(1)(a) did not bear on the issue of its standing to commence the action (see generally HSBC Bank USA, N.A. v Tigani, 185 AD3d at 799; Citimortgage, Inc. v Etienne, 172 AD3d 808, 810). In any event, the record does not establish that the plaintiff failed to comply with the requirements of that statute. Further, whether or not the assignments of the mortgage were valid is irrelevant to the issue of standing where the plaintiff has established its standing by physical possession of the note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
Accordingly, since Franzese did not contest the plaintiff's evidence of the borrowers' default, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Franzese, to strike her answer and affirmative defenses, and for an order of reference, and denied Franzese's motion pursuant to CPLR 3216, and cross motion pursuant to RPAPL 1301(3), to dismiss the complaint insofar as asserted against her.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court