Akter v Zara Realty Holding Corp. (2022 NY Slip Op 01434)





Akter v Zara Realty Holding Corp.


2022 NY Slip Op 01434


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-05725
 (Index No. 704563/18)

[*1]Shikha Akter, et al., appellants-respondents,
v
Zara Realty Holding Corp., et al., respondents-appellants, Anthony Subraj, defendant-respondent.


Queens Legal Services, Jamaica, NY (Ernie Mui and Stroock & Stroock & Lavan LLP [Kevin L. Smith], of counsel), for appellants-respondents.
Wood Smith Henning & Berman LLP, New York, NY (Christopher J. Seusing, Michelle Arbitrio, and Leah A. Henry of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of General Business Law § 349, the plaintiffs appeal, and the defendants Zara Realty Holding Corp. and Hillside Park 168, LLC, cross-appeal, from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered October 2, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by the plaintiffs Syfur Rahman, Nurun Nahar, and Assaduzzaman Khan.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs, 15 tenants in a rent-stabilized apartment building in Queens, commenced this action against the defendants, the owners and managing agents of the building, alleging, among other things, rent overcharges. The defendants moved pursuant to CPLR 3211(a)(1), (2), (4), (5), and (7) to dismiss the complaint. In an order entered October 2, 2017, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action, and denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted by the plaintiffs Syfur Rahman, Nurun Nahar, and Assaduzzaman Khan. The plaintiffs appeal, and the defendants Zara Realty Holding Corp. and Hillside Park 168, LLC, cross-appeal.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" [*2](DAIJ, Inc. v Roth, 85 AD3d 959, 959; see CPLR 3211[a][4]; U.S. Bank N.A. v Karnaby, 190 AD3d 1005). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted by Rahman, Nahar, and Khan on the ground that those plaintiffs raised similar issues in other pending matters (see Swartz v Swartz, 145 AD3d 818).
However, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which alleged harassment in violation of Local Law No. 7 (2008) of City of New York (Administrative Code of City of NY § 27-2005[d]). Contrary to the court's determination, the plaintiffs sufficiently pleaded that cause of action. Furthermore, the court was vested with subject matter jurisdiction to make a determination on that cause of action (see Jobe v Chelsea Hotel Owner LLC, 198 AD3d 440; Aguaiza v Vantage Props., LLC, 69 AD3d 422).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court