HSBC Bank USA, N.A. v Kading (2022 NY Slip Op 02255)

HSBC Bank USA, N.A. v Kading

2022 NY Slip Op 02255

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2019-03732
 (Index No. 135030/16)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Kevin Kading, et al., respondents, et al., defendants.

Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Fred L. Seeman, New York, NY (Peter Kirwin and Ryan Marrano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated February 11, 2019. The order, insofar as appealed from, granted the cross motion of the defendants Kevin Kading and Laurette M. Kading for summary judgment dismissing the complaint insofar as asserted against them and, in effect, denied, as academic, those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendants Kevin Kading and Laurette M. Kading, to strike those defendants' answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the cross motion of the defendants Kevin Kading and Laurette M. Kading for summary judgment dismissing the complaint insofar as asserted against them is denied, and the matter is remitted to the Supreme Court, Richmond County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendants Kevin Kading and Laurette M. Kading, to strike those defendants' answer, and for an order of reference in accordance herewith.
In May 2003, the defendant Kevin Kading borrowed the sum of $588,000, and the loan was secured by a mortgage on certain property in Staten Island executed by Kevin Kading and the defendant Laurette M. Kading (hereinafter together the defendants). The mortgage was thereafter assigned to the plaintiff, and Kevin Kading executed two loan modification agreements. In January 2010, the plaintiff commenced an action against, among others, the defendants to foreclose the mortgage (hereinafter the 2010 action). Thereafter, in November 2014, Kevin Kading executed another loan modification agreement. Kevin Kading allegedly defaulted on payments due on January 1, 2015, and thereafter. On September 24, 2015, the 2010 action was marked "DISPOSED - PROCEED BY MOTION."
In January 2016, the plaintiff commenced this action, inter alia, to foreclose the mortgage against, among others, the defendants. The complaint alleged that the plaintiff intended the 2010 action to be discontinued. In an order dated April 9, 2018, the Supreme Court directed dismissal of the 2010 action without prejudice due to inactivity. The plaintiff thereafter moved in this action, inter alia, for summary judgment on the first and second causes of action insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The [*2]defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that this action was barred under RPAPL 1301(3). The court granted the defendants' cross motion and, in effect, denied the plaintiff's motion as academic. The plaintiff appeals.
"RPAPL 1301(3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought" (Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615, 616; see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611). "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Reichert v Stilwell, 172 NY 83, 88; see Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1021). "[W]here a defendant is not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3) since he [or she is] not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, a plaintiff's failure to comply with RPAPL 1301(3) should . . . [be] disregarded as a mere irregularity" (Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d 778, 781 [citation and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 537; Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651; Wells Fargo Bank, N.A. v Irizarry, 142 AD3d at 611).
Here, the plaintiff failed to seek leave of court to commence this action while the 2010 action was still pending. However, the 2010 action had previously been marked disposed, and no further action occurred in the 2010 action until the administrative dismissal on April 9, 2018. Additionally, by the time the defendants cross-moved in this action for summary judgment dismissing the complaint insofar as asserted against them, the 2010 action had already been dismissed for nearly six months. Thus, the defendants were not prejudiced by having to defend against more than one action, and the plaintiff's failure to strictly comply with RPAPL 1301(3) should have been disregarded as a mere irregularity (see Bank of Am., N.A. v Nicolosi, 200 AD3d at 1022; Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d at 651; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d 811, 812; Wells Fargo Bank, N.A. v Irizarry, 142 AD3d at 611).
Accordingly, the Supreme Court should have denied the defendants' cross motion and decided the plaintiff's motion, inter alia, for summary judgment on the merits instead of, in effect, denying it as academic.
Under the circumstances, we remit the matter to the Supreme Court, Richmond County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In making that determination, the court should consider whether that motion was untimely.
In light of this determination, we need not address the parties' remaining contentions.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court