Matter of Hirsch v Beda (2024 NY Slip Op 02053)

Matter of Hirsch v Beda

2024 NY Slip Op 02053

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2023-02544 
2023-02545
 (Docket No. O-13797-21)

[*1]In the Matter of Elliot M. Hirsch, appellant, 
v
Laurie Beda, respondent.

Amy J. Barrett, New York, NY, for appellant.
Mishaan Dayon, LLP, New York, NY (Saul A. Mishaan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from (1) an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated February 17, 2023, and (2) an order of disposition of the same court, also dated February 17, 2023. The order granted the respondent's motion to dismiss the petition. The order of disposition, upon the order, dismissed the petition.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the law and in the exercise of discretion, without costs or disbursements, the order is vacated, the respondent's motion to dismiss the petition is denied, and the petition is reinstated.
In October 2021, the petitioner commenced this proceeding by filing a family offense petition, alleging that the respondent engaged in disorderly conduct, harassment, aggravated harassment, stalking, and coercion. The respondent moved pursuant to CPLR 3211(a)(4) to dismiss the petition on the ground that another action was pending between the parties in the United States District Court, District of New Jersey. The Family Court granted the respondent's motion, and by order of disposition dated February 17, 2023, the court dismissed the petition. The petitioner appeals.
Pursuant to CPLR 3211(a)(4), "a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d 1341, 1341 [internal quotation marks omitted]; see Akter v Zara Realty Holding Corp., 203 AD3d 791, 792). "It is not necessary that the precise legal theories presented in the first action also be presented in the second action so long as the relief . . . is the same or substantially the same" (JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d at 1341 [alterations and internal quotation marks omitted]; see Feldman v Harari, 183 AD3d 629, 631).
Here, while there was a substantial identity of the parties and this proceeding and the action pending in New Jersey arose from the same alleged series of wrongs, the relief sought was not the same or substantially the same (see Matter of Spicer v Spicer, 162 AD3d 886, 887). Thus, dismissal of the family offense petition on the ground of a prior action pending was an improvident exercise of discretion (see CPLR 3211[a][4]; Matter of Spicer v Spicer, 162 AD3d at 887; Swartz v Swartz, 145 AD3d 818; Gottlieb v Gottlieb, 294 AD2d 537).
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court