U.S. Bank Trust, N.A. v Biggs (2022 NY Slip Op 02302)

U.S. Bank Trust, N.A. v Biggs

2022 NY Slip Op 02302

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-09952
 (Index No. 7380/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
John Biggs, etc., et al., appellants, et al., defendants.

David B. Gilbert, Middletown, NY, for appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Biggs and Lisa Nunez appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated June 4, 2019. The order, insofar as appealed from, denied that branch of those defendants' cross motion which was, in effect, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2016, nonparty Federal National Mortgage Association (hereinafter Federal National) commenced an action to foreclose a mortgage (hereinafter the prior action) against, among others, the defendants John Biggs and Lisa Nunez (hereinafter together the defendants). Thereafter, Federal National moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and the defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In response to the defendants' cross motion, Federal National withdrew its motion for summary judgment, and moved for leave to voluntarily discontinue the prior action without prejudice and to cancel the notice of pendency. In an order dated August 10, 2017, the Supreme Court, among other things, granted Federal National's motion for leave to voluntarily discontinue the prior action, and in an order dated September 28, 2017, the court discontinued the prior action and cancelled the notice of pendency. The defendants appealed from those orders, and this Court affirmed (see Federal Natl. Mtge. Assn. v Biggs, 172 AD3d 1322, 1322).
In July 2018, the plaintiff commenced the instant action to foreclose the mortgage against, among others, the defendants. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants cross-moved, among other things, in effect, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against them, arguing that the plaintiff commenced the instant action while the prior action was pending. In an order dated June 4, 2019, the Supreme Court, inter alia, denied that branch of the defendants' cross motion. The defendants appeal.
RPAPL 1301(3) provides that "[w]hile [an] action is pending . . . , no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." "'The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt'" (Bayview Loan Servicing, LLC v Starr-Klein, 193 AD3d 807, quoting Deutsche Bank [*2]Natl. Tr. Co. v O'Brien, 175 AD3d 650, 651). Here, in the order dated September 28, 2017, the Supreme Court, upon granting Federal National's motion, inter alia, for leave to voluntarily discontinue the prior action, discontinued the prior action and cancelled the notice of pendency. Consequently, the prior action was not pending at the time the plaintiff commenced the instant action in July 2018, and thus, the commencement of the instant action was not in violation of RPAPL 1301(3) (see Hometown Bank of Hudson Val. v Colucci, 127 AD3d 702, 704; Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 701).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was, in effect, pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against them.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court