Deutsche Bank Natl. Trust Co. v Fontanez (2020 NY Slip Op 06102)





Deutsche Bank Natl. Trust Co. v Fontanez


2020 NY Slip Op 06102


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-00862
 (Index No. 706334/14)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Iris Fontanez , et al., defendants, Rosa Almonte, respondent.


Davidson Fink LLP, Rochester, NY (Larry T. Powell and Richard N. Franco of counsel), for appellant.
Cabanillas & Associates, P.C., White Plains, NY (Quenten E. Gilliam of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 2, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosa Almonte and for an order of reference, and granted that defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to satisfy conditions precedent to commencing this action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Rosa Almonte, in effect, for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2014, the plaintiff, Deutsche Bank National Trust Company, commenced this action to foreclose a mortgage against the defendant Rosa Almonte, among others. The sole borrower on the note was the defendant Iris Fontanez; however, Fontanez and Almonte both were listed as borrowers on the subject mortgage, and both signed the mortgage. The mortgage stated in pertinent part, that "[n]otice to any one Borrower will be notice to all Borrowers."
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Almonte and for an order of reference. In support of its motion, the plaintiff submitted the affidavit of Cynthia Wallace, an employee of Specialized Loan Servicing, LLC (hereinafter SLS), the plaintiff's loan servicer. Wallace stated that she was familiar with SLS's records and record-keeping practices, but did not state that she was familiar with the plaintiff's records and record-keeping practices. Wallace stated that, by letter dated September 25, 2012, the plaintiff sent Fontanez a 30-day notice of default by certified mail, pursuant to the terms of the mortgage. She further stated that, on November 25, 2013, the plaintiff sent both Fontanez and Almonte a 90-day pre-foreclosure notice, pursuant to RPAPL 1304, by both certified and first-class mail.
Almonte cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to send her a notice of default pursuant to the terms of the mortgage. In support of her cross motion, Almonte submitted her own affidavit, in which she denied receiving both the 30-day notice of default and the RPAPL 1304 notice.
By order entered November 2, 2017, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Almonte and for an order of reference, and granted Almonte's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her, finding that the plaintiff failed to establish that it satisfied the conditions precedent to commencing the foreclosure action. The plaintiff appeals.
We agree with the Supreme Court's denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Almonte and for an order of reference. Regarding the 30-day notice of default and the 90-day notice pursuant to RPAPL 1304, "the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by an individual with personal knowledge of that procedure" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986). Thus, the plaintiff failed to establish strict compliance with RPAPL 1304 (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 986; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21), and failed to establish that it sent the 30-day notice of default pursuant to the terms of the mortgage (see LNV Corp. v Sofer, 171 AD3d 1033, 1037). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We disagree, however, with the Supreme Court's granting of Almonte's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to satisfy these conditions precedent. A mere denial of receipt, without more, in a borrower's affidavit attesting that he or she had not received the RPAPL 1304 notice or the notice of default is insufficient to establish prima facie entitlement to judgment as a matter of law (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24; LNV Corp. v Sofer, 171 AD3d at 1038). Accordingly, the Supreme Court should have denied Almonte's cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions have been rendered academic in light of our determination.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court