Wilmington Sav. Fund Socy., FSB v Hack (2022 NY Slip Op 05736)

Wilmington Sav. Fund Socy., FSB v Hack

2022 NY Slip Op 05736

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-02935
 (Index No. 701590/19)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Doris Hack, appellant, et al., defendants.

Kenneth J. Glassman, New York, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doris Hack appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), dated February 19, 2020. The order, insofar as appealed from, denied that defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2003, the defendant Doris Hack (hereinafter the defendant) executed a consolidated note in the amount of $375,000. The consolidated note was secured by a mortgage on certain real property in Flushing.
In or about August 2014, Capital One, N.A. (hereinafter Capital One), the alleged assignee of the loan, commenced a foreclosure action (hereinafter the 2014 action) against the defendant, among others, alleging that she defaulted under the terms of the consolidated note and mortgage by failing to make the payments due on February 1, 2009, and thereafter. In or about April 2017, however, Capital One filed a notice of voluntary dismissal and notice to cancel lis pendens and thereafter effectively abandoned the 2014 action.
In January 2019, the plaintiff commenced the instant action to foreclose the mortgage. After the defendant interposed a verified answer with various affirmative defenses, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her for lack of standing, pursuant RPAPL 1301(3), and for failure to comply with RPAPL 1304. The plaintiff opposed the cross motion. By order dated February 19, 2020, the Supreme Court, among other things, denied the defendant's cross motion. The defendant appeals.
On a defendant's motion to dismiss a complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing (see DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820; New York Community Bank v McClendon, 138 AD3d 805, 806). A plaintiff has standing to maintain a mortgage foreclosure [*2]action where, at the time the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Here, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). The defendant failed to proffer any evidence rebutting the plaintiff's showing that it had physical possession of the consolidated note at the time it commenced the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 847; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135). Furthermore, the defendant's papers in support of the cross motion "merely pointed to alleged gaps in the plaintiff's case" (Cenlar FSB v Lanzbom, 168 AD3d 670, 671).
The Supreme Court also properly denied that branch of the defendant's cross motion which was pursuant to RPAPL 1301(3). "RPAPL 1301(3) provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought" (Security Natl. Servicing Corp. v Liebowitz, 281 AD2d 615, 616; see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611). "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Reichert v Stilwell, 172 NY 83, 88; see Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1021). "[W]here a defendant is not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3) since he [or she is] not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, a plaintiff's failure to comply with RPAPL 1301(3) should . . . [be] disregarded as a mere irregularity" (Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d 778, 781 [citation and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 537; Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651; Wells Fargo Bank, N.A. v Irizarry, 142 AD3d at 611). Here, the court properly determined that the defendant was not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3), as the record reflects that the 2014 action had been effectively abandoned since April 2017 (see HSBC Bank USA, N.A. v Kading, 204 AD3d 649).
Additionally, the defendant's submissions in support of the cross motion failed to establish her entitlement to summary judgment dismissing the complaint insofar as asserted against her based upon the plaintiff's failure to comply with RPAPL 1304 and the requirement that the plaintiff send a notice of default (see U.S. Bank N.A. v Gordon, 202 AD3d 872; U.S. Bank N.A. v Gurung, 196 AD3d 617; Deutsche Bank Natl. Trust Co. v Fontanez, 187 AD3d 1143, 1145). On a cross motion for summary judgment dismissing the complaint, a defendant has the burden of establishing that a condition precedent to foreclosure was not fulfilled (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Here, the defendant's mere denial of receipt of preforeclosure notices was insufficient to establish, prima facie, her entitlement to judgment as a matter of law (see Deutsche Bank Natl. Trust Co. v Fontanez, 187 AD3d 1143; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24).
Accordingly, the Supreme Court properly denied the defendant's cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not reach the defendant's remaining contention.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court