# U.S. Bank N.A. v Fortini

2025 NY Slip Op 31170(U)

April 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 501469/2015

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the ___7th___ day of April, 2025.

P R E S E N T:

HON. CENCERIA EDWARDS,

Justice.

------------------------------------X

U.S. BANK NATIONAL ASSOCIATION (SUCCESSOR TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK N.A.), AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE THORNSBURG MORTGAGE SECURITIES TRUST 2007-2 MORTGAGE-BACKED NOTES, SERIES 2007-2,

Plaintiff,

- against -

Index No. 501469/2015

JAMES FORTINI AKA JAMES J. FORTINI, NYC ENVIRONMENTAL CONTROL BOARD, SIGNATURE BANK and "JOHN DOE" and "JANE DOE" the last Two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon the premises described in the complaint,

Defendants.

------------------------------------X

The following e-filed papers read herein:                 NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) _____          83-86
Opposing Affidavits (Affirmations)_____        92-105

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 588 7th Avenue in Brooklyn (Block 892, Lot 47) (Property), defendant James Fortini a/k/a James J. Fortini (Fortini or Defendant Borrower) moves (in motion sequence [mot. seq.] four) for an order: (1) vacating the June 4, 2020 judgment of

[* 1]

foreclosure;[1] (2) dismissing this action with prejudice based upon plaintiff's lack of standing; and (3) awarding him reasonable attorneys' fees (NYSCEF Doc No. 83).

## Background

On February 10, 2015, plaintiff U.S. Bank National Association (Successor to Bank of America, N.A., Successor by Merger to LaSalle Bank N.A.), as Indenture Trustee, on Behalf of the Holders of the Thornburg Mortgage Securities Trust 2007-2 Mortgage-Backed Notes, Series 2007-2 (US Bank) commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-2). The complaint alleges that on April 13, 2006, Fortini executed a promissory note in the principal amount of $880,000.00 in favor of the original lender, Sterling National Mortgage Company, Inc. (Sterling), which was secured by a mortgage encumbering Fortini's Property (NYSCEF Doc No. 1 at ¶¶ 3-4). The loan was subsequently modified to increase the principal balance to $873,677.78 (*id.* at ¶ 8). The complaint alleges that Fortini "failed, neglected and refused to comply with the provisions of the Note and Mortgage by failing to make and pay the installment of principal and interest due and owing on April 1, 2009 and thereafter . . ." (*id.* at ¶ 9). Notably, a copy of the promissory note with a blank endorsement from Sterling on the bottom of the third page was annexed as an exhibit to US Bank's complaint (NYSCEF Doc No. 1 at 17-19).

---

[1] Presumably, since there was no judgment of foreclosure issued on June 4, 2020, Fortini actually moves for an order vacating the *February 4*, 2020 Order of Reference.

[* 2]

US Bank's affidavit of service in the record reflects that Fortini was served with process by delivery of the papers to "Jane Doe, LIVEIN HOUSEKEEPER, CO-RESIDENT . . ." on February 23, 2015 at 6:19 p.m. at 533 Grand Avenue in Newburgh, New York, and the papers were mailed to Fortini at the same address the following day (NYSCEF Doc No. 10). Fortini failed to answer or otherwise respond to the complaint.

On August 5, 2016, US Bank moved for an order of reference and other relief (NYSCEF Doc No. 12). On October 7, 2016, the court (Thompson, J.) adjourned US Bank's motion to January 20, 2017 and noted that "Defendant appears and states that he had no knowledge of the action and seeks time to retain counsel" (NYSCEF Doc No. 28). By an April 21, 2017 decision and order, the court (Thompson, J.) noted that "Defendant appeared pro se and advised [that] he is in [the] process of obtaining funds to settle this loan" and thus, US Bank consented to another adjournment (NYSCEF Doc No. 29). By a January 20, 2017 decision and order, the court (Thompson, J.) noted that US Bank's counsel and the pro se Defendant appeared and further adjourned the motion because "Defendant is in the process of completing a short sale" (NYSCEF Doc No. 33).

On March 14, 2018, Fortini, who had retained defense counsel, moved for an order dismissing the complaint based on the statute of limitations, or, alternatively, dismissing the complaint based on improper service of process, or, alternatively, granting him leave to file a late answer (NYSCEF Doc No. 38). On May 24, 2018, US Bank cross-moved for an extension of its time to serve Fortini with process (NYSCEF Doc No. 48).

3

[* 3]

By a January 23, 2019 decision and order, the court (Dear, J.) determined that Fortini "waived jurisdictional defenses" since "[h]e availed himself of the Court's jurisdiction, getting Plaintiff's motion [for an order of reference] adjourned for more than a year on a variety of bases" (NYSCEF Doc No. 75 at 1). The court also noted that "counsel filed an unqualified notice of appearance on his behalf two months before seeking dismissal on jurisdictional grounds" (*id.*). The court held that Fortini's motion to dismiss based on the statute of limitations is denied since he did not vacate his default and "does not even allege that there was an acceleration more than six years before the commencement of this action" (*id.* at 2). The court also determined that Fortini "offers no potentially meritorious defense" to justify vacating his appearance default (*id.*). Consequently, the court granted US Bank's motion for an order of reference and denied Fortini's dismissal motion. On February 4, 2020, the court (Dear, J.) issued an order of reference (NYSCEF Doc No. 81).

### *Fortini's Instant Motion to Vacate and Dismiss*

On August 29, 2020, Fortini moved "for an order vacating the judgment of foreclosure entered on the 4th day of June, 2020 . . ." and dismissing this action based on US Bank's lack of standing (NYSCEF Doc No. 83 at 1). Fortini seemingly seeks to vacate the February 4, 2020 Order of Reference, since there was no judgment of foreclosure issued on June 4, 2020.

Fortini submits a moving affidavit asserting that US Bank lacks standing to foreclose based on a break in the chain of mortgage assignments:

4

[* 4]

"[m]y attorney was recently sent notice of the filing of a Notice of Pendency by the attorneys for plaintiff. This Notice of Pendency set forth a detailed explanation of the chain of owners and assignments of the mortgage over the period since the loan and mortgage was formed up until the date of the filing of the Notice of Pendency. Examining this detailed exposition of the chain of title of the mortgage, we noted a discrepancy between the identity of one bank claiming ownership of the mortgage and the identity of the assignor purporting to transfer that bank's interest to yet another entity.

"It is our belief, based on the admissions stated in the Notice of Pendency, that in at least one instance, Thornburg Mortgage Home Loans. Inc. . . . a bank which claimed to own this mortgage, was compelled (apparently by insolvency or the discovery of malfeasance, or both) to be taken over by another entity named TMST Home Loans, Inc. (hereinafter, 'TMST'), an entity characterized by plaintiff as a trust. A trust. my lawyer advises, is a different and separate organization from a corporation. In order for TMST to become the owner or controlling entity over my mortgage, therefore, there must be an assignment of mortgage attesting to the transfer of the mortgage from Thornburg Mortgage to TMST. No such assignment can be found anywhere in the documents previously furnished by plaintiff in this action, or in the public record of mortgages and assignments maintained by the City Register in and for Kings County" (NYSCEF Doc No. 84 at ¶¶ 2-3).

Fortini asserts that absent a mortgage assignment to TMST, one of US Bank's alleged successors, "any subsequent alleged holder of this paper, including U.S. Bank . . . is null and void" (*id.* at ¶ 4).

Defense counsel submits an affirmation reiterating that US Bank's August 6, 2020 Notice of Pendency recites the "chain of ownership of the subject mortgage and loan which forms the basis for plaintiff's standing to institute and maintain this action" but argues that

"the chain of ownership is broken and all entities claiming ownership or control of the subject mortgage and loan based on subsequent transactions lack standing to foreclose . . ." because counsel cannot locate an assignment of mortgage from Thornburg to TMST (NYSCEF Doc No. 85 at ¶¶ 2, 4-5 and 7).

Then, in what appears to be an editing error, defense counsel submits a portion of the same attorney affirmation submitted in support of Fortini's former motion challenging the timeliness of this action (*id.* at ¶¶ 8-10), which was previously rejected by the court's January 23, 2019 order (NYSCEF Doc No. 75 at 2). Similarly, defense counsel erroneously submits the identical arguments regarding service of process and leave to answer, which were already denied (NYSCEF Doc No. 85 at ¶¶ 11-15).

### *US Bank's Opposition*

US Bank, in opposition, submits an attorney affirmation asserting, as a preliminary matter, that "the arguments raised in Defendant's Motion regarding the statute of limitations and service of process are the same ones that this Court rejected when Defendant filed a Motion to Dismiss" and "are precluded by the law of the case doctrine" (NYSCEF Doc No. 92 at ¶ 3).

Regarding Fortini's motion to vacate the February 4, 2020 Order of Reference, US Bank's counsel asserts that defense counsel's "new theory" that US Bank lacks standing based on an "alleged incomplete title in the Notice of Pendency" does not provide grounds to vacate, especially since Fortini's standing defense has not merit (*id.* at ¶ 6). US Bank's counsel asserts that "Plaintiff has demonstrated standing by: a) possession of an

6

[* 6]

Assignment of Mortgage prior to the filing of the Complaint; b) attaching a copy of the Note to the Complaint; and c) a sworn affidavit stating that Plaintiff was in possession of the original Note prior to filing the Complaint" (*id.* at ¶ 7).

## Discussion

"When a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015 (a) (4) and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default . . ." (*E\*Trade Bank v Vasquez*, 126 AD3d 933, 933-934 [2d Dept 2015] [internal quotation marks omitted]).

Fortini's challenge to service of process upon him was previously denied by the court's January 23, 2019 decision and order, which held that Fortini "waived jurisdictional defenses" since "[h]e availed himself of the Court's jurisdiction, getting Plaintiff's motion [for an order of reference] adjourned for more than a year on a variety of bases" (NYSCEF Doc No. 75 at 1). The court also rejected Fortini's motion to dismiss based on the statute of limitations (*id.* at 2). The court's prior findings that Fortini waived jurisdictional defenses and that Fortini failed to demonstrate that this action is time-barred constitutes the law of the case (*Globe Trade Cap., LLC v Hoey*, 199 AD3d 772, 774 [2d Dept 2021]). Thus, Fortini's motion to vacate and dismiss is denied to the extent that it is based on a lack of personal jurisdiction or the statute of limitations.

7

[* 7]

Similarly unavailing is Fortini's assertion that US Bank lacks standing to foreclose, which he asserts as a meritorious defense in support of his CPLR 5015 (a) (1) motion to vacate the February 4, 2020 Order of Reference. US Bank commenced this action by filing a summons and a complaint which annexed, as an exhibit, a copy of the April 13, 2006, promissory note executed by Fortini in favor of the original lender, Sterling, with a blank endorsement from Sterling on the bottom of the third page of the promissory note (NYSCEF Doc No. 1 at 17-19). It is well-settled that a plaintiff establishes its standing to foreclose, as a matter of law, by attaching the promissory note to the summons and complaint with the proper endorsements (*Wilmington Sav. Fund Soc'y, FSB v Hack*, 209 AD3d 798, 800 [2d Dept 2022] [holding that "defendant failed to proffer any evidence rebutting the plaintiff's showing that it had physical possession of the consolidated note at the time it commenced the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint"]). Here, the endorsed promissory note was annexed to the summons and complaint, and thus, demonstrates that US Bank had possession of the note and the requisite standing when it commenced this action. Accordingly, it is hereby

**ORDERED** that Fortini's motion (mot. seq. four) is denied in its entirety.

This constitutes the decision and order of the court.

E N T E R,

April 7, 2025

_____
Hon. Cenceria P. Edwards, J.S.C.

8

[* 8]