Citimortgage, Inc. v Hassanin (2025 NY Slip Op 05935)

Citimortgage, Inc. v Hassanin

2025 NY Slip Op 05935

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-06286
 (Index No. 705160/20)

[*1]Citimortgage, Inc., respondent, 
v
Hoda Hassanin, appellant, et al., defendant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa and Scott Parker of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hoda Hassanin appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated May 16, 2023. The order and judgment of foreclosure and sale, inter alia, upon an order of the same court (Salvatore J. Modica, J.) dated May 2, 2017, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hoda Hassanin and for an order of reference and denying that defendant's cross-motion for leave to amend her answer, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
In April 2008, the plaintiff's predecessor in interest commenced an action against the defendant Hoda Hassanin (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Queens (hereinafter the prior foreclosure action). By order entered June 4, 2014, the prior foreclosure action was voluntarily discontinued, and the judgment of foreclosure and sale that had been entered in that action in October 2008 was vacated.
In July 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for leave to amend her answer to assert an affirmative defense alleging that the plaintiff violated RPAPL 1301(3) by commencing this action while the prior foreclosure action was still pending. In an order dated May 2, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion.
In August 2022, the plaintiff moved to confirm the referee's report and for a judgment [*2]of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated May 16, 2023, the Supreme Court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The appeal from the order and judgment of foreclosure and sale brings up for review the order dated May 2, 2017 (see CPLR 5501[a][1]; Countrywide Home Loans Servicing, L.P. v Weberman, 230 AD3d 632, 633).
Contrary to the defendant's contention, the Supreme Court properly denied her cross-motion for leave to amend her answer to assert an affirmative defense alleging that the plaintiff violated RPAPL 1301(3), as the proposed amendment was patently devoid of merit (see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853). RPAPL 1301(3) provides, in pertinent part, that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought. "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Reichert v Stilwell, 172 NY 83, 88; see Wilmington Sav. Fund Socy., FSB v Hack, 209 AD3d 798, 800). "Courts have recognized that RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d 778, 780-781 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651). "[W]here a defendant is not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3) since he [or she is] not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, a plaintiff's failure to comply with RPAPL 1301(3) should . . . [be] disregarded as a mere irregularity" (Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d at 781 [citation and internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Hack, 209 AD3d at 800). Under the circumstances of this case, the defendant was not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3), as the record reflects that the prior foreclosure action had been effectively abandoned since October 2008 (see Wilmington Sav. Fund Socy., FSB v Hack, 209 AD3d 798; HSBC Bank USA, N.A. v Kading, 204 AD3d 649, 651).
Further, the defendant failed to establish that the Supreme Court erred in confirming the referee's report and issuing an order and judgment of foreclosure and sale on the ground that the referee failed to hold a hearing. Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1237).
Nevertheless, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the record has clearly defined the issues and resolved matters of credibility" (Nationstar Mtge., LLC v Douglas, 218 AD3d 599, 601 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946). "However, computations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d at 946 [internal quotation marks omitted]).
Here, the referee's report was improperly premised upon unproduced business records. In support of its motion, the plaintiff submitted an affidavit from an employee, Gary Brunton, of the plaintiff's servicer, JPMorgan Chase Bank, National Association (hereinafter Chase). However, the record does not reflect that the plaintiff submitted the business records upon which Brunton or the referee relied in computing the total amount due on the mortgage, as well as payments for taxes, insurance, and other advances (see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936; Nationstar Mtge., LLC v Douglas, 218 AD3d at 601).
Moreover, although the plaintiff submitted with its reply a limited power of attorney [*3]authorizing Chase to act as servicer and attorney-in-fact for the plaintiff (see Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600, 601), the power of attorney was dated January 25, 2013. Thus, the plaintiff's submissions reflected that Chase was not the loan servicer at the time of the default, which allegedly occurred in 2008. Since Chase's employee, Brunton, did not state that the records of any other relevant entity, such as a prior loan servicer or the plaintiff, were provided to Chase and incorporated into Chase's own records, that Chase routinely relied upon such records in its business, or that he had personal knowledge of the business practices and procedures of any other relevant entity, Brunton failed to lay a proper foundation for the admission of any records reflecting the defendant's alleged default in 2008 (see CitiBank, N.A. v Milord-Jean-Gille, 233 AD3d 750, 751; Bank of N.Y. Mellon v Demasco, 226 AD3d 855, 857). Under the circumstances, the referee's findings with respect to the total amount due were not substantially supported by the record (see Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755-756; Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1561).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court